BROWN, Judge,
dissenting.
When Michael Mosely was a 17 year old high school senior his parents purchased him a 1989 high-performance IROC Cama-ro automobile. Although Michael’s father was the registered owner, every family member considered this to be “Mike’s” car. Mike testified that he was the primary operator of that vehicle and also a turbo Thunderbird likewise registered in his father’s name. Mike testified that “I was trying to get rid of the IROC at the time.” *278 Mike’s parents had their own individual vehicles. Mike could not drive his parents’ vehicles because he was an excluded driver on the insurance.
At the time of the accident Mike at age 18 was a major and a student in college. According to the documents submitted with the motion for summary judgment, Mike was driving the IROC on the night of the accident. Mike took plaintiff, Jonathan Perkins, and Tammy Bonner to a football game at Trinity Heights High School. Following the game, Mike drove Jonathan and Tammy to Charlie’s 29 Club located in Shreve Square, Shreveport, Louisiana.
According to the affidavit of Jonathan Perkins the following events occurred:
1) Perkins asked Mosely to borrow the IROC to run an errand, (to get money from a bank machine in Bossier City);
2) At the same time, James McDow asked Mosely for permission to borrow the car (Mosely had dated McDow’s sister in the past);
3) Mosely gave McDow permission to borrow the vehicle by placing the keys in McDow’s hand and stating “be careful”.
McDow drove Perkins and another young man, Bobby Tobey, from the nightclub to Bossier City to obtain money from a bank machine. On the return from the bank to Charlie’s 29 Club, McDow accelerated to a speed in excess of 100 miles per hour and lost control of the vehicle on 1-20 resulting in the death of Tobey and serious injuries to Perkins.
When the car was purchased, Mike was told by his father not to loan it to anyone. Perkins’ affidavit indicates that Mike had allowed him to drive the car earlier on the day of the accident. Mike initially lied to the police claiming that McDow stole his keys. A real issue of fact exists as to whether Mike had loaned the vehicle to others in the past.
The majority’s opinion classifies Mike as a permitted driver and then denies coverage because the named insured, Mike’s father, did not give expressed or implied permission to Mike to allow McDow to drive the vehicle.
Under the circumstances, as presented in the motion for summary judgment, it was foreseeable that Mike might give permission to another to use the vehicle for an errand. Our state’s public policy favors interpretations of insurance policies that allow coverage to those entitled to it. “After-the-accident” reconstruction of the initial restrictions imposed by the parent should be viewed in the light of the existing circumstances. Mike was an adult attending college with complete discretion and continuous control over the vehicle. McDow was given permission by Mike to drive the vehicle and had no knowledge that his use of the vehicle was without the permission of Mike’s parents. Mike was empowered with the apparent authority to use the vehicle as he wanted. Self-serving limitations following an accident should not override common sense.
The cases cited by the majority are easily distinguishable. In Malmay v. Sizemore the truck involved in the accident was owned and operated by the parent. The son in Sizemore had his own car and did not reside with the parent, but borrowed the truck to move his belongings into a new apartment. In Solice the vehicle in question was normally operated by the owner and seldom loaned out to the plaintiff driver.
Under these circumstances there is coverage under the policy or at least an issue of material fact which would defeat a motion for summary judgment. I respectfully dissent.